917 F.2d 1306
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William C. BROWN, Defendant-Appellant.
 No. 88-2572.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 26, 1990.
Decided Nov. 9, 1990.
 
 Before BAUER, Chief Judge, and CUMMINGS and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In March 1983 defendant was found guilty of making false statements to the Department of Labor and fraudulently obtaining money from the Comprehensive Employment and Training Act program in violation of 18 U.S.C. Secs. 665(a) and 1001. In May of 1983 he was sentenced to incarceration for five years on Counts I and III of the indictment and two years on Counts II and IV. The sentences for Counts II, III and IV were to run concurrently with the sentence imposed on Count I. He also was sentenced to probation for five years on six other counts, and the sentence of probation was to run consecutively to the sentences imposed on Counts I through IV.
 
 
 2
 Defendant was released from prison on November 23, 1987, but two weeks before his release, the record shows he was advised by the Milan, Michigan, prison authorities that his probation was to commence on November 23, 1987.
 
 
 3
 On July 5, 1988, the sentencing judge held a hearing on defendant's alleged probation violation. At this hearing, it was shown that defendant did not report to his probation officer until April 1988 and then only at the request of that officer. Without conceding a much longer violation, defendant stipulated that he had violated the terms of probation by failing to report to the probation officer from March 13, 1988, through April 19, 1988. As a result of the stipulation, the court found a violation of the terms of probation and revoked defendant's probation and sentenced him to incarceration for two months.[1] At the same time, the court sentenced him concurrently to four years in custody on five counts for which he previously received probation, but suspended imposition of the sentence and placed defendant back on probation, to expire on November 2, 1992. On July 28, 1988, the district judge denied defendant's motion to reconsider revocation of probation, rejecting his argument that he had not known when to begin reporting to the probation officer.
 
 
 4
 After hearing oral arguments on October 26, we affirmed from the bench, with this order to follow.
 
 
 5
 A study of the record shows that the only reason the district court revoked defendant's probation and also imposed a two-month sentence for violating probation was the stipulation admitting that defendant had not reported to the probation officer from March 13, 1988, through April 19, 1988. The transcript of the July 5, 1988, hearing shows that in imposing sentence the court did not consider defendant's failure to report for a period of five months from the date his imprisonment ended in November 1987 until April 19, 1988, even though he had been informed of his probation obligations on November 9, 1987.[2] Indeed before sentencing defendant for violating probation, Judge Aspen explained that the only allegation he was considering was the stipulated violation of probation.[3] Therefore we must reject the arguments of defendant's counsel that the district court improperly relied on extraneous matters and a longer violation period before imposing sentence.
 
 
 6
 Amended order of July 5, 1988, affirmed.
 
 
 7
 RIPPLE, Circuit Judge.
 
 
 8
 I concur in the result.
 
 
 
 [1]
 On August 9, 1988, the court amended its July 5 order by providing that the two months' custody was to be served in a work release program
 
 
 [2]
 See Case Manager M.D. Harper's May 20, 1988, letter from the Federal Correctional Institution in Milan, Michigan, to U.S. Probation Officer Kumke in Chicago, attached to government's motion to revoke defendant's probation (Record Item No. 69)
 
 
 [3]
 Transcript of July 5, 1988, proceedings on the government's motion to revoke probation, at pages 8, 14